# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS J. CONWAY, IV | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-4916 |
| U.S. BANK, NATIONAL ASSOCIATION, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  **December 6, 2018**

Disappointed with losing a mortgage foreclosure action in state court in 2014 and then learning of unrelated challenges to his mortgage lenders' practices by federal agencies, a property owner *pro se* alleges his mortgage lender and the servicer of his mortgage violated a host of federal statutes and abused process in prosecuting an April 2014 foreclosure action in state court involving his property. He filed defenses based on violations of loan servicing standards. He later resolved this foreclosure action and the lender vacated the foreclosure judgment. But the borrower wants more. His *pro se* complaint challenges the 2014 foreclosure conduct. Even assuming we could review conduct leading to a state court judgment after he raised loan servicing problems as a defense to foreclosure in state court, his federal claims are time barred or otherwise fail to state a claim under federal banking and credit statutes. He also fails to plead a Pennsylvania abuse of process claim. We dismiss Mr. Conway's claims in the accompanying order, but will allow him leave, if possible in good faith, to plead timely claims not dismissed with prejudice.

## I. Allegations

On November 5, 2004, Thomas J. Conway, IV borrowed $80,000 from an unidentified source to purchase property at 424 Dupont Street, Philadelphia (the "Property").[1] He agreed to repay non-party Finance America, LLC who held the mortgage and note.[2] The present mortgage holders assert, and Mr. Conway does not dispute, Mr. Conway stopped paying the mortgage in September 2013. On February 21, 2014, the nominee for Finance America, LLC assigned the mortgage to Defendant U.S. Bank, National Association, as Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage-Pass Through Certificates, Series 2005-2 ("U.S. Bank").[3] Defendant Ocwen Loan Servicing, LLC ("Ocwen") acted as the loan servicer for Mr. Conway's mortgage then held by U.S. Bank.[4]

On April 9, 2014, six months after Mr. Conway defaulted on his mortgage payments, the then-current mortgage holder U.S. Bank filed a foreclosure action against Mr. Conway in state court.[5] In response to Defendants' motion to dismiss, Mr. Conway argues U.S. Bank filed the April 9, 2014 complaint in foreclosure against him in the Philadelphia County Court of Common Pleas where he raised "multiple defenses" including "violations of servicing standards."[6] On January 7, 2016, the Philadelphia Court of Common Pleas entered judgment in favor of U.S. Bank including ongoing interest, escrow advances, and other additional recoverable costs to the date of Sheriff's Sale, and for foreclosure and sale of the Property.[7] Mr. Conway appealed the state trial court's order to the Pennsylvania Superior Court on February 5, 2016.[8]

While the appeal pended in the Pennsylvania Superior Court, Mr. Conway negotiated a settlement with U.S. Bank in April 2016.[9] Mr. Conway alleges he paid approximately $19,828 to U.S. Bank, through its attorney, on April 29, 2016.[10] Upon receipt of Mr. Conway's payment, U.S. Bank filed an application to vacate judgment and to remand for dismissal in the Pennsylvania

Superior Court on June 13, 2016.[11] The Pennsylvania Superior Court granted U.S. Bank's application to vacate judgment on October 13, 2016.[12] Neither the complaint nor Mr. Conway's response describes what happened after October 13, 2016.

On October 22, 2018, Mr. Conway filed this case against U.S. Bank and Ocwen in the Philadelphia County Court of Common Pleas. Mr. Conway alleges U.S. Bank and Ocwen, as well as a non-party law firm retained by U.S. Bank, in connection with the April 2014 foreclosure, communicated "inaccurate information" regarding his mortgage; charged him fees he did not agree to and imposed excessive fees; engaged in "systematic and significant misconduct" in servicing the mortgage including inaccurate monthly statements, mishandled homeowner's insurance and taxes in escrow accounts and failed to correctly credit payments; provided "false reinstatement quotes"; failed to offer and facilitate loan modifications; failed to timely and accurately communicate "loss mitigation status and changes in status" to its counsel; failed to provide a "single point of contact" for the mortgage; and "initiated foreclosures, obtained foreclosure judgments, and conducted foreclosure sales" on his "account in which Defendants had placed a foreclosure hold."[13]

Mr. Conway alleges this conduct violates the Consumer Financial Protection Act,[14] the Truth-in-Lending Act ("TILA"),[15] the Fair Debt Collections Practices Act,[16] the Real Estate Settlement Procedures Act ("RESPA"),[17] the Homeowners Protection Act,[18] and the Fair Credit Reporting Act[19] in connection with the foreclosure action,[20] as well as abuses process under Pennsylvania law.[21] Mr. Conway seeks relief necessary to "refund monies, restitution; [sic] and payment of damages or other monetary relief"; award him relief necessary "to disgorge the Defendants of unlawful gains"; costs and fees; and any additional relief we find just and proper.

3

After removing Mr. Conway's case to this Court, Defendants move to dismiss all claims.[22] Mr. Conway responded, requesting leave to file an amended complaint "outlining his financial damages with the inclusion of additional counts of law."[23]

## II. Analysis[24]

U.S. Bank and Ocwen move to dismiss the complaint arguing Mr. Conway does not meet the relevant pleading standards and his federal claims are time-barred. Mr. Conway responds he did not agree to enter a contractual relationship with U.S. Bank or Ocwen, (or a non-party law firm) "who would intentionally (or unintentionally) violate state and federal laws." Although not entirely clear, it appears Mr. Conway attempts to base his claims on other litigation involving Ocwen to which he is not a party. Mr. Conway attaches to his response a "Consent Agreement and Issuance of Conditional License" between the Commonwealth of Pennsylvania, Department of Banking and Securities and Ocwen and the 2013 CFPB Litigation. Mr. Conway argues Defendants "have ... a history of non-compliance of state and federal laws" which he suggests validates his complaint relating to U.S. Bank's April 2014 foreclosure action. He attempts to connect a February 24, 2014 consent judgment entered in the 2013 CFPB litigation with U.S. Bank and the April 2014 foreclosure action against the Property. We cannot see how these actions have anything to do with Mr. Conway's complaint challenging the 2014 foreclosure action. Mr. Conway's complaint fails to provide "a short and plain statement" required by Federal Rule of Civil Procedure 8 showing he is entitled to relief or plead sufficient factual content to "allow[ ] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged" in any of his fourteen counts.[25]

In response to Defendants' statute of limitations argument as a basis for dismissal, Mr. Conway contends there is a "continuing course of conduct" which "came to light with the filing

4

of the Complaint by the [Consumer Fraud Protection Bureau] on April 27, 2017" and continues to run, and he contends he has a continuing relationship with U.S. Bank and Ocwen until December 1, 2034.[26] Mr. Conway's response contradicts his pleading. His complaint alleges violations of various federal statutes and state common law based on the April 2014 foreclosure action. He does not allege a claim arising out of the Consumer Fraud Protection Bureau's complaint or the Commonwealth's action against Ocwen and a consent judgment. We cannot see how these actions have anything to do with the timeliness of the claims.

### A. We dismiss the Consumer Financial Protection Act claim with prejudice.

In Counts I through IV, Mr. Conway alleges Defendants' "use of inaccurate and incomplete information to service loans is unfair"; "acts and practices regarding loan terms and status" are "deceptive"; Defendants used "unfair foreclosure practices"; and used "deceptive foreclosure communications" in violation of the Consumer Financial Protective Act.

There is no private right of action under the Consumer Financial Protection Act; the Act is enforced only by the Bureau of Consumer Financial Protection.[27] We dismiss Mr. Conway's Consumer Financial Protection Act claims with prejudice.

### B. We dismiss the TILA claims as time-barred with prejudice.

In Count V, Mr. Conway alleges Defendants' "failure to timely and appropriately credit payments" violates TILA. U.S. Bank and Ocwen move to dismiss the claim as barred by TILA's one-year statute of limitations.[28]

"Claims for money damages under TILA must be brought within one year 'from the date the loan closed[.]'"[29] As pleaded, Mr. Conway's loan occurred on November 5, 2004, over fourteen years ago.[30] His claims are barred by TILA's one-year statute of limitations. We dismiss this claim with prejudice because amendment of a TILA claim relating to a fourteen-year-old loan

5

would be futile.³¹ No amendment could cure the one-year statute of limitations on a loan agreement signed over fourteen years ago.

### C. We dismiss the Fair Debt Collection Practices Act claims.

At Counts VI and VII, Mr. Conway alleges Defendants' "use of inaccurate and incomplete information to service loans is unfair" and their "deceptive debt collection practices" violate the Fair Debt Collection Practices Act ("FDCPA"). U.S. Bank and Ocwen move to dismiss the FDCPA claims for two reasons: (1) the FDCPA does not apply to them because they are not debt collectors; and (2) even if they are considered debt collectors under the FDCPA, Mr. Conway's claims are barred by the Act's one-year statute of limitations.

#### *Mr. Conway fails to plausibly allege Defendants are debt collectors within the meaning of the FDCPA.*

To state a claim under the FDCPA, Mr. Conway must plausibly allege (1) he is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a debt as defined by the FDCPA; and (4) defendant violated a provision of the FDCPA in attempting to collect the debt.³² The term "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."³³

U.S. Bank argues it is a creditor attempting to collect mortgage payments on its *own* behalf and is not a debt collector to which the FDCPA applies. "Creditors – as opposed to 'debt collectors' – generally are not subject to the [FDCPA]."³⁴ Mr. Conway does not respond to U.S. Bank's argument.

Mr. Conway's FDCPA claims against U.S. Bank arise out of its foreclosure action against him. He alleges U.S. Bank is the legal holder of his mortgage and filed the April 2014 foreclosure

6

action against him.[35] He alleges "[a]s a result of Defendants [sic] policies and procedure deficiencies, Defendants have initiated foreclosures, obtained foreclosure judgments, and conducted foreclosure sales on Conway's account in which Defendants had placed a foreclosure hold on Conway's account."[36] His allegations suggest U.S. Bank is a creditor within the meaning of the FDCPA attempting to collect its own debt through the foreclosure action.[37] Mr. Conway's complaint fails to allege U.S. Bank's is a debt collector within the meaning of the FDCPA.

Ocwen argues it is a loan servicer, not a debt collector to which the FDCPA applies. Mr. Conway responds Ocwen admitted being a debt collector, citing an October 4, 2018 letter it sent to him stating, in part, "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose."[38] At the motion to dismiss stage, we look to the allegations of the complaint. We have no allegation in the complaint Ocwen is a debt collector, accordingly, the complaint fails to state a claim.

### *Even if Defendants are debt collectors, Mr. Conway's FDCPA claims are barred by the one-year statute of limitations.*

U.S. Bank and Ocwen alternatively argue even if they are debt collectors for purposes of the FDCPA, Mr. Conway's claims are barred by the FDCPA's one-year statute of limitations.[39] Defendants argue the statute of limitations begins to run on the date it served Mr. Conway with the foreclosure complaint in April 2014, more than four years before he filed his complaint in October 2018 making his complaint untimely.

Where an FDCPA claim is based on "allegations of improper pursuit or debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run: some have held that such claims accrue upon filing the underlying collection action ..., while others use the date on which the purported debtor was served with the complaint."[40] We need not

7

resolve this issue because under either date, Mr. Conway's current complaint is well beyond the one-year statute of limitations.

We grant Defendants' motion to dismiss the FDCPA action without prejudice to allow Mr. Conway to file an amended complaint properly alleging the elements of an FDCPA claim that is timely if he can do so in good faith.

### D. We dismiss the RESPA claims for insufficient pleading and as time-barred.

In Counts VIII, IX, X, and XI, Mr. Conway alleges Defendants violated RESPA. U.S. Bank and Ocwen move to dismiss Mr. Conway's RESPA claims for two reasons: (1) none of the RESPA sections providing a private right of action apply to Mr. Conway's claims as pleaded; and (2) even if a private right of action exists, Mr. Conway's claims are barred by RESPA's one-year statute of limitations. Mr. Conway does not respond to the motion to dismiss the RESPA claims.

RESPA is a "consumer protection statute that regulates the real estate settlement process."[41] Congress enacted RESPA finding "significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country."[42] RESPA allows a private right of action for alleged violations of Sections 2605, 2607, and 2608 of the Act.[43] Actions under Section 2605 have a three-year statute of limitations while actions under Sections 2607 and 2608 have a one-year statute of limitations.[44]

Section 2605 governs the servicing of mortgage loans and administration of escrow accounts providing, *inter alia,* "each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of the application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while

8

the loan is outstanding."[45] Section 2607 prohibits kickbacks and unearned fees providing, *inter alia*, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."[46] Section 2608 governs title insurance providing, *inter alia*, "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."[47]

Defendants argue Mr. Conway fails to state a claim under Sections 2605, 2607, or 2608. They cite Mr. Conway's allegations Defendants communicated "inaccurate information" about the amounts due and received on his loan and delinquency status, and the general allegations Defendants imposed improper and excessively frequent fees.[48] Defendants argue the complaint fails to allege he made a qualified written request to Ocwen to maintain a claim under Section 2605, or alleged Defendants accepted kickbacks, split charges, or other prohibited fees to maintain a claim under Section 2607, or alleged Defendants required Mr. Conway to purchase title insurance from a particular title company to maintain a claim under Section 2608.

Mr. Conway fails to state a claim plausible on its face sufficient to allow us to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged"[49] To the extent Mr. Conway's RESPA claims arise from his 2004 loan, it would appear the statute of limitations may bar his claim. But, as explained above, we have no idea the basis of Mr. Conway's claim under RESPA. We will grant Defendants' motion to dismiss the RESPA claim without prejudice for Mr. Conway to plausibly allege a timely claim under the Act if he can do so in good faith.

9

### E. We dismiss the Homeowners Protection Act claim.

In Count XII, Mr. Conway alleges Defendants violated the Homeowners Protection Act. U.S. Bank and Ocwen move to dismiss Mr. Conway's claims under the Homeowners Protection Act. They argue Mr. Conway's allegation Ocwen "mishandled homeowner's insurance and taxes in escrow accounts"[50] is insufficient to state a claim under the Act. Defendants additionally argue any claim is barred by the Homeowners Protection Act's two-year statute of limitations. Mr. Conway does not respond to Defendants' arguments.

Congress enacted the Homeowners Protection Act to "establish Federal guidelines for disclosure and termination of private mortgage insurance (PMI)."[51] The Act sets out the timing for the termination of PMI as the date "when [homeowner] will have paid down [his] loan's principal balance to the point that it equals 78% of [his] home's original value."[52]

We have only Mr. Conway's bare allegation Ocwen "mishandled homeowner's insurance and taxes in escrow accounts." He does not allege when his PMI terminated or should have terminated and how U.S. Bank or Ocwen "mishandled" PMI or otherwise violated the Homeowners Protection Act.

An action under the Homeowners Protection Act must be brought within two years of the date of discovery of any violation.[53] Defendants argue Mr. Conway's claim under the Act is time barred because he alleges violations in 2013 and 2014, well beyond the two-year statute of limitation. Because Mr. Conway fails to allege facts surrounding a violation of the Homeowners Protection Act, we cannot tell when a claim for violation of the Act, if any, arose. We grant Defendants' motion to dismiss the Homeowners Protection Act without prejudice for Mr. Conway to plausibly allege a timely claim under the Act if he can do so in good faith.

### F. We dismiss the Fair Credit Reporting Act claim.

In Count XIII, Mr. Conway alleges Defendants violated the Fair Credit Reporting Act. U.S. Bank and Ocwen move to dismiss these claims arguing (1) his allegations do not fall within the scope of the Act and (2) his claims are time-barred by the Act's two-year statute of limitations.

U.S. Bank and Ocwen first argue Mr. Conway fails to plead anything other than a general allegation he suffered "negative credit reporting" because of "Defendants' actions."[54] They argue the complaint fails to allege Defendants issued any inaccurate report to any credit reporting agency or that Mr. Conway notified Defendants of a dispute with any report. Mr. Conway does not respond to these arguments.

The Fair Credit Reporting Act "seeks to ensure 'fair and accurate credit reporting.'"[55] "[T]he Act regulates the creating and the use of 'consumer report[s]' by 'consumer reporting agenc[ies]' for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment."[56] "Among other things, the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports, § 1681e(b); to notify providers and users of consumer information of their responsibilities under the FCRA, § 1681e(d); and to limit the circumstances in which such agencies provide consumer reports "for employment purposes, § 1681b(b)(1)."[57]

Mr. Conway fails to allege which provision of the Fair Credit Reporting Act Defendants allegedly violated; U.S. Bank and Ocwen are consumer reporting agencies as defined by the Act; the inaccurate information included in his credit report; and inaccurate information is due to either Defendant's failure to follow the requirements of the Act. Mr. Conway's pleading fails to state a claim plausible on its face; the pleaded factual content fails to allow us to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged"[58]

11

Defendants further argue a claim under the Fair Credit Reporting Act is barred by its statute of limitations. The Act provides for a two-year and five-year statute of limitations: "[a]n action to enforce any liability created under the [Fair Credit Reporting Act] may be brought ... not later than the *earlier of* – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.[59]

To the extent Mr. Conway's Fair Credit Reporting Act claim arises from the April 2014 foreclosure action, it would appear the statute of limitations may bar his claim. But, as explained above, we have no idea the basis of Mr. Conway's claim under the Act including the date of inaccurate reporting and when he learned of it. We grant Defendants' motion to dismiss the Fair Credit Reporting Act claim without prejudice for Mr. Conway to plausibly allege a timely claim under the Act if he can do so in good faith.

### G. We dismiss the common law abuse of process claim.

U.S. Bank and Ocwen move to dismiss Mr. Conway's common law abuse of process claim for failing to state a claim under Rule 12(b)(6). Defendants argue Mr. Conway fails to allege facts relating to his abuse of process claim and it cannot prepare a defense.

In his response to the motion to dismiss, Mr. Conway explains "after two years and sixteen days of continuous abuses of civil process" – referring to the April 9, 2014 foreclosure action in the Philadelphia County Court of Common Pleas – "on April 25, 2016 ... as a direct result of the defendants' past and continuous abuses against [him] ... the CFPB ... Consent Judgment stepped in and froze the mortgage foreclosure against [him]."[60] Mr. Conway contends a "Joseph A. Smith, Jr., the Monitor of the Ocwen and CFPB and forty-nine states' Consent Judgment" found Mr. Conway "included in that Consent Judgment."[61]

12

To establish a claim of abuse of process under Pennsylvania law, Mr. Conway must show Defendants "(1) used a legal process against [him], (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to [him]."[62] "Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Thus, the gravamen of this tort is the perversion of legal process to benefit someone in achieving a purpose which is not an authorized goal of the procedure in question."[63]

Mr. Conway fails to plead the elements required to state a claim for abuse of process under Pennsylvania law. To the extent his state law claim is based on the April 2014 foreclosure action, Defendants argue they lawfully commenced the foreclosure action after Mr. Conway defaulted on his mortgage and, following the entry of final judgment allowing Defendants to put the Property on a foreclosure sale, Mr. Conway made a lump sum payment. Defendants agreed to accept the payment and voluntarily filed a praecipe to vacate the judgment. Defendants argue this cannot serve as a basis of an abuse of process claim.

We agree with Defendants and dismiss Mr. Conway's deficient abuse of process claim without prejudice to plausibly allege such a claim if he can do so in good faith.

### III. Conclusion

In the accompanying Order, we grant Defendants' motion to dismiss. We dismiss with prejudice Counts I through IV under the Consumer Financial Protection Act and Count V under the Truth in Lending Act. We dismiss the remaining claims without prejudice to allow Mr. Conway a chance to allege timely plausible claims consistent his good faith obligations under Federal Rule of Civil Procedure 11.

13

---

[1] ECF Doc. No. 1, Complaint at ¶¶ 4-6.

[2] *Id.*

[3] *Id.* at ¶ 7.

[4] *Id.*

[5] *Id.* at ¶¶ 8, 20.

[6] ECF Doc. No. 6 at 3.

[7] ECF Doc. No. 6-5 at 13.

[8] *Id.* at 15.

[9] ECF Doc. No. 6 at 3-4. Mr. Conway contends a separate litigation – in which he was not involved – pending in the United States District Court for the District of Columbia brought by the Consumer Financial Protection Bureau and the Attorneys General of forty-nine states and the District of Columbia against Ocwen resulted in a 2014 Consent Judgment which allowed him to negotiate his April 2016 settlement with U.S. Bank ("2013 CFPB litigation"). *Id.* at 3.

[10] *Id.* at 4; ECF Doc. No. 6-5 at 20-21 (using the pagination assigned by the CM/ECF docketing system).

[11] ECF Doc. No. 6-5 at 20 (using the pagination assigned by the CM/ECF docketing system).

[12] ECF Doc. No. 6-5 at 18 (using the pagination assigned by the CM/ECF docketing system).

[13] ECF Doc. No. 1, Complaint at ¶¶ 21 -36.

[14] 12 U.S.C. § 5531 *et seq.*

[15] 15 U.S.C. § 1601 *et seq.*

[16] 15 U.S.C. § 1692 *et seq.*

[17] 12 U.S.C. § 2601 *et seq.*

[18] 12 U.S.C. § 4901 *et seq.*

[19] 15 U.S.C. § 1681 *et seq.*

[20] ECF Doc. No. 1, Complaint at ¶¶ 21-36.

[21] *Id.* at ¶ 53.

[22] ECF Doc. No. 3.

[23] ECF Doc. No. 6.

[24] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[25] *Iqbal*, 556 U.S. at 678; Fed.R.Civ.P. 8.

[26] ECF Doc. No. 6 at 8-9.

[27] 12 U.S.C. § 5564(a). *See, e.g., Carmichael v. Sacramento Reg'l Transit*, No. 16-2476, 2018 WL 338977, *3 (E.D. Cal. Jan. 8, 2018) (Consumer Financial Protection Act does not create a private right of action) (collecting cases); *Williams v. Equifax, Inc.* No. 17-4167, 2017 WL 8943991, * 2 (N.D. Ga. Nov. 6, 2017) (same) (citing *Cornwall v. Third Fed. Sav. & Loan*, No. 15-2616, 2016 WL 4034782, at *2 (M.D. Fla. July 25, 2016), *appeal dismissed* (Oct. 27, 2016)); *Johnson v. J.P. Morgan Chase Nat'l Corporate Servs., Inc.*, 13-678, 2014 WL 4384023, at * 5 (W.D. N.C. Aug. 5, 2014) (same).

[28] 15 U.S.C. § 1640(e). Although the statute of limitations is an affirmative defense required to be plead in an answer, it may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under the "Third Circuit Rule," the statute of limitations may be raised in a motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

[29] *Rodrigues v. Wells Fargo Bank, N.A.*, --- F.App'x ---, No. 17-2294, 2018 WL 4631872, at *4 (3d Cir. Sept. 26, 2018) (quoting *In re Community Bank of N.Va.*, 622 F.3d 275, 303 (3d Cir. 2010)).

[30] ECF Doc. No. 1, Complaint at ¶¶ 5-6.

[31] Under Federal Rule of Civil Procedure 15(a), "leave to amend is freely given, in the absence of reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment." *Chappell v. The Horsham Twp. Police Dep't*, No. 16-2650, 2018 WL 6075096, at *13 (E.D.Pa. Nov. 20, 2018) (citing Fed.R.Civ.P. 15(a)). "Futility exists 'if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'" *Id.* (quoting *Jablonski v. Pan Am. World Airways*, 863 F.2d 289, 292 (3d Cir. 1988)).

[32] *Tatis*, 882 F.3d at 427 (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

[33] 15 U.S.C. § 1692a(6). The definition of debt collector also includes "a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*

[34] *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (quoting *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000)). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

[35] ECF Doc. No. 1, Complaint at ¶¶ 7, 20.

[36] ECF Doc. No. 1, Complaint at ¶ 36.

[37] *See Doughty v. Wells Fargo Bank, N.A.*, No. 17-5018, 2018 WL 1784159, at * 3 (E.D. Pa. Apr. 13, 2018).

[38] ECF Doc. No. 6-5 at 25 (using the pagination assigned by the CM/ECF docketing system).

[39] 15 U.S.C. § 1692k(d).

[40] *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F.App'x 128, 130-31 (3d Cir. 2009) (footnote omitted) (citations omitted); *Doughty*, 2018 WL 1784159, at * 3 (citing *Schaffhauser*, 340 F. App'x at 131).

[41] *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010) (citing 12 U.S.C. § 2605).

[42] 12 U.S.C. § 2601(a).

[43] 12 U.S.C. § 2614.

[44] *Id.*

[45] 12 U.S.C. § 2605(a).

[46] 12 U.S.C. § 2607(a).

[47] 12 U.S.C. § 2608(a).

[48] ECF Doc. No. 1, Complaint at ¶¶ 18, 22-24.

[49] *Iqbal*, 556 U.S. at 678.

[50] ECF Doc. No. 1, Complaint at ¶ 29.

[51] *Fried v. JP Morgan Chase & Co.*, No. 15-2512, 2016 WL 347314, at * 2 (D.N.J. Jan. 28, 2016), *aff'd and remanded*, 850 F.3d 590 (3d Cir. 2017) (citing H.R. Rep. No. 105-55, at 4 (1997)).

[52] *Fried,* 850 F.3d at 596 (footnote omitted).

[53] *Fried*, 850 F.3d at 604 (quoting 12 U.S.C. § 4907(b)).

[54] ECF Doc. No. 1, Complaint at ¶ 30.

[55] *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S.Ct. 1540, 1545, 194 L.Ed. 2d 635 (2016) (quoting 15 U.S.C. § 1681(a)(1)).

[56] *Id.* (footnotes omitted) (citing 15 U.S.C. §§ 1681a(d)(1)(A)-(C), § 1681b).

[57] *Ebrahimzadeh v. Sharestates Inv., LLC*, No. 18-1659, 2018 WL 6065419, at *8 (E.D.Pa. Nov. 20, 2018) (citing *Spokeo, Inc.*, 136 S.Ct. at 1545).

[58] *Iqbal*, 556 U.S. at 678.

[59] 15 U.S.C. § 1681p (emphasis added).

[60] ECF Doc. No. 6 at 3.

[61] *Id.*

[62] *Hvizdak v. Linn*, 190 A.3d 1213, 1228 (Pa. Super. 2018) (citing *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. 2002)).

[63] *Id.* at 1228-29.