IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS J. CONWAY, IV | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 18-4916 |
| U.S. BANK, NATIONAL ASSOCIATION, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                             **February 22, 2019**

Failing to make several monthly payments on a loan secured by a mortgage on property may result in the party holding the mortgage filing a foreclosure lawsuit to recover its collateral property securing the loan. The party holding the mortgage typically prefers getting its loan paid over owning the collateral. Knowing a lender would rather get paid back than own another property, after obtaining the foreclosure and entering judgment, the person failing to pay the mortgage can try to satisfy the debt by modifying the loan obligations. A lender accepting a later lump sum payment and agreeing to vacate the judgment does not automatically agree to correct the credit reporting of several months of unpaid mortgage amounts. The reports are accurate because, in fact, the borrower did not make monthly payments. We today address a once-defaulted borrower's second *pro se* attempt to plead federal claims against the mortgage holder and mortgage servicer for not cleaning up his credit report after the borrower paid the overdue sums and based on the lender's efforts to collect. He again fails to state federal claims under the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, or the Fair Credit Reporting Act. Based on his judicial admissions in his first two attempted complaints, it facially appears he may not be able to plead federal claims. But as he proceeds *pro se*, we dismiss without prejudice for one last leave to timely file federal claims. Alternatively, he may wish to proceed with filing supplemental state law claims in state court.

## I. Facts alleged in amended complaint.

On November 5, 2004, Thomas J. Conway, IV borrowed $80,000 to purchase property in Philadelphia ("Property").[1] Mr. Conway paid his monthly mortgage payments due from November 5, 2004 through August 1, 2013.[2] After failing to pay the mortgage for at least two months, U.S. Bank, National Association ("U.S. Bank") wrote to Mr. Conway on November 15, 2013, representing the lender assigned his now-defaulted mortgage to U.S. Bank and Mr. Conway breached the mortgage contract by not making the payments due.[3] According to Mr. Conway's search of "public records", U.S. Bank did not become the holder of the loan until February 21, 2014.[4] U.S. Bank hired Ocwen Loan Servicing, LLC ("Ocwen") to service its mortgages requiring Ocwen send monthly account statements, receive and apply payments, and communicate with borrowers on balances, due dates, fee activity and responding to inquiries.[5]

U.S. Bank filed a foreclosure action in state court against Mr. Conway on April 9, 2014, about six weeks after being assigned the defaulted mortgage loan.[6] As he had not paid the mortgage in several months, Mr. Conway sought a loan modification.[7] He claims seeking a loan modification for months but the U.S. Bank and Ocwen continued to seek payment and send notices for collection. Mr. Conway did not answer the foreclosure complaint. About six months later, on September 14, 2014, an unidentified person enlisted the Philadelphia Sheriff's office to execute the default judgment upon Mr. Conway.[8] About two years and six weeks after U.S. Bank filed the mortgage foreclosure, on April 29, 2016, Mr. Conway paid $19,167.62 to reinstate the loan, vacate the judgment, dismiss the proceedings, and place his loan back in its original position.[9] The court vacated the judgment on October 13, 2016.[10] But no one contacted the Philadelphia Sheriff's Department to stop execution process until December 3, 2016.[11]

After the state court vacated the judgment, Ocwen still sent a mortgage account statement to Mr. Conway requesting $10,737.54 for "Past Due Fees/Other Charges."[12] Mr. Conway responded by sending Ocwen, directly and through its legal counsel, written requests to correct errors and dispute the requested fees.[13] Mr. Conway reviewed an Equifax credit report on December 20, 2016 and a Trans Union credit report on December 19, 2017 which contained negative reporting from 2013-2016.[14] After receiving these credit reports, Mr. Conway filed a dispute of the reports through the credit reporting agencies.[15]

**II. Analysis**

On October 12, 2018, Mr. Conway sued U.S. Bank and Ocwen in state court.[16] U.S. Bank and Ocwen removed and moved to dismiss. We granted the motion to dismiss with prejudice to claims 1 through 5 and without prejudice to the remaining claims with leave for Mr. Conway to file an amended complaint.[17] Mr. Conway then filed the amended complaint before us today.[18]

Ocwen and U.S. Bank now move to dismiss Mr. Conway's amended complaint arguing he does not adequately plead claims and his claims are time-barred.[19] We apply the well-settled standards governing motions to dismiss.[20] Mr. Conway attempts to base some of his claims on other litigation involving Ocwen to which he is not a party. As we held in our previous memoranda explaining our dismissal of his complaint, these actions do not affect Mr. Conway's challenge to the 2014 foreclosure action. Mr. Conway still fails to provide a "short and plain statement" under Federal Rule of Civil Procedure 8 showing he is entitled to relief or plead facts sufficient to "allow() the court to draw the reasonable inferences that (the Defendants are) liable for the misconduct alleged" in any of his federal claim.[21]

3

### A. Mr. Conway fails to plead a Fair Debt Collection Practices Act claim.

Mr. Conway alleges U.S. Bank and Ocwen violated the Fair Debt Collection Practices Act ("FDCPA") by using, "false, deceptive, or misleading representation or means in connection with the collection of any debt." To state an FDCPA claim, Mr. Conway must allege (1) he is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a debt as defined by the FDCPA; and (4) the defendant violated a provision of the FDCPA in an attempt to collect the debt.[22] U.S. Bank and Ocwen move to dismiss the FDCPA claims arguing: (1) the FDCPA does not apply to them because they are not debt collectors; (2) Mr. Conway does not sufficiently plead that the Defendants engaged in conduct violative of the act; and (3) even if the they are debt collectors and the correct conduct is sufficiently plead, Mr. Conway's claims are time barred by a one-year statute of limitations.

#### 1. Mr. Conway does not plausibly allege U.S. Bank is a debt collector but does plausibly allege Ocwen is a debt collector.

A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another."[23] "Creditors – as opposed to 'debt collectors' – are not generally subject to the [FDCPA]."[24] U.S. Bank argues it is a creditor because it is attempting to collect payments for itself and is not a debt collector under the FDCPA.

The FDCPA claims against U.S. Bank arise out of the 2014 foreclosure action against Mr. Conway. Mr. Conway alleges U.S. Bank is the legal holder by assignment of his mortgage.[25] "All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for another."[26] Mr. Conway fails to allege U.S. Bank is a debt collector because Mr.

4

Conway alleges the bank, "collected debts for its own account, (and does) not meet the 'regularly collects for another' definition."[27]

Ocwen argues it is a loan servicer, not a debt collector under the FDCPA. Mr. Conway alleges U.S. Bank contracted Ocwen, "to send Conway monthly statements and timely statutory mailings, receive and apply Conway's payments, communicate loan balance, payment amount, dates due, fee activity, amounts accurately and manage escrow accounts, respond to borrower inquiries, handle loss mitigation requests, and initiate foreclosure proceedings, among other functions.[28] Mr. Conway sufficiently pleads Ocwen is a debt collector under the FDCPA because he alleged Ocwen used the mails for their business, and its business is to collect debts owed to another.

### 2. Even if both Defendants are debt collectors, Mr. Conway fails to sufficiently plead Defendants used false, deceptive, or misleading information in collection efforts.

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, or unfair debt collection practices."[29] The objective standard of whether the least sophisticated debtor would find a debt collector's statement deceptive or misleading is used within FDCPA.[30] But, this only matters if the statement is material.[31] A statement is a material statement "if it is capable of influencing the decision of the least sophisticated debtor."[32] This standard, "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presum[es] a basic understanding and willingness to read with care."[33]

Mr. Conway's allegation of false, deceptive or misleading practices against U.S. Bank arise out of the November 13, 2013 notice U.S. Bank had become the holder of his debt. Mr. Conway alleges U.S. Bank did not become the holder until February 2014. The difference in dates in this context is insufficient to prove U.S. Bank acted deceptively. "Whatever may or may not have occurred concerning the technicalities of the assignment... is not material(.)"[34] He claims no

5

damages or prejudice caused by this delay. U.S. Bank did not move to foreclose or execute during the time difference.

Mr. Conway's allegations against Ocwen arise out of the mortgage account statement Ocwen sent him on September 17, 2018 seeking $10,737.54 accrued in "Past Due Fees/Other Charges." Mr. Conway alleges this statement is deceptive because it "does not state who they were paid to, if they were paid, for what reason, whether they are supported by work actually preformed(.)"[35] "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."[36] Mr. Conway alleges U.S. Bank contracted Ocwen to send Mr. Conway monthly account statements, receive and apply payments, communicate balances, due dates, fee activity and respond to borrower inquiries.

Mr. Conway alleges sixteen different types of fees Ocwen communicated to him in the past he has not paid. Mr. Conway does not allege Ocwen can collect for anyone other than U.S. Bank, or Ocwen never explained the overdue fees. Mr. Conway has not plead the past due fees portion of the letter is deceptive to the least sophisticated debtor. He owed the fees. He may claim he did not owe the fees at a later point. He does not plead when he did not owe the fees.

### 3. Even if both Defendants are debt collectors and used false, deceptive or misleading practices, a claim against U.S. Bank is barred by the statute of limitations.

U.S Bank and Ocwen also argue even if they are debt collectors and violated the FDCPA, the FDCPA's one-year statute of limitations bars Mr. Conway's FDCPA claims.[37] Where an FDCPA claim is based on "allegations of improper pursuit or debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run: some have held that such claims accrue upon filing the underlying collection action ... , while others use the date on which the purported debtor was served with the complaint."[38] We do not need to resolve this issue

6

because under either date, Mr. Conway's claim against U.S. Bank is well beyond the one year statute of limitations.

But, if he could state a claim, Mr. Conway's claim against Ocwen arising out of the letter sent to him on September 17, 2018 is within the statute of limitations.

We grant the motion to dismiss the FDCPA action without prejudice to allow Mr. Conway to file a second amended complaint sufficiently pleading the elements of a timely FDCPA claim against Ocwen if he can do so in good faith.

### B. Mr. Conway fails to plead a Real Estate Settlement Procedures Act claim.

Mr. Conway attempts to plead a claim under Section 2605 of the Real Estate Settlement Procedures Act (RESPA) against Ocwen. Ocwen argues this RESPA claim is legally and factually unsupported because the complaint does not allege Mr. Conway sent a qualified written request. RESPA is a "consumer protection statute that regulates the real estate settlement process."[39] RESPA allows for a private right action under Section 2605 which governs mortgage servicing and escrow administration.[40] Section 2605 requires a servicer of a federally related mortgage, who receives a qualified written request from a borrower, to respond in writing within five days to acknowledge the correspondence unless action is taken within the five day period.[41]

To sufficiently plead a claim under Section 2605, Mr. Conway must first plead he made a qualified written request.[42] "For purposes of this subsection, a qualified written request shall be a written correspondence... that – (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for belief of the borrower, to the extend applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."[43] Mr. Conway alleges he made requests to Ocwen on February 29, 2016 and April 28, 2016 asking to correct errors and dispute fees.[44] Mr.

7

Conway does not allege: (1) his requests stated or enabled Ocwen to identify the name and account of Mr. Conway; and (2) Mr. Conway provided the reasons for his belief the account was in error or provided detail about the information he sought. Mr. Conway fails to plead a qualified written request necessary for this RESPA claim. If he did so, he needs to plead this request. He has not done so.

We grant Defendant's motion to dismiss the RESPA action without prejudice for Conway to file a second amended complaint sufficiently pleading a claim under RESPA if he can do so in good faith.

### C. Mr. Conway fails to plead a Fair Credit Reporting Act claim.

Mr. Conway alleges the Defendants violated the Fair Credit Reporting Act (FCRA) arising from the credit reports of his mortgage payment delinquencies. U.S. Bank and Ocwen move to dismiss this FCRA claim arguing (1) they are not subject to the FCRA; and, (2) the claims are time-barred by the FCRA's statute of limitations.

#### 1. Mr. Conway sufficiently plead the Defendants are furnishers of information who may be liable under the Fair Credit Reporting Act.

The Defendants first argue they do not fall within the scope of the FCRA. They argue "consumer reporting agencies" are subject to the claims under the FCRA; they are not "consumer reporting agencies;" and, a private citizen may not bring an FCRA claim against them.

The Fair Credit Reporting Act "seeks to ensure 'fair and accurate reporting.'"[45] A private citizen may bring an action against furnishers of information under the FCRA in certain situations. Under 15 U.S.C. § 1681s-2(b) "duties that are placed on furnishers of information by this subsection are implicated only '[a]fter receiving notice pursuant to section 1681i(a)(2) ... with regard to the completeness or accuracy of any information provided by a person to a consumer

reporting agency.[46] To satisfy this notice requirement, "a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute."[47]

Mr. Conway alleges he reported to the credit reporting agencies, and the Defendants furnished information to the credit reporting agencies. Mr. Conway sufficiently plead the notice required to allow for a furnisher of information to be held liable under the Fair Credit Reporting Act, and the Defendants furnished information to a credit reporting agency.

### 2. Mr. Conway has not sufficiently plead the Defendants violated the Fair Credit Reporting Act.

Mr. Conway must next plead the Defendants either reported information to credit reporting agencies with actual knowledge of errors or report information with notice and confirmation of errors.[48] Mr. Conway alleges the October 2016 agreement to vacate the judgment against him included the Defendants treat him "as if the default had not occurred."[49] He only plead this language of the agreement between Mr. Conway and the Defendants, and argues it somehow required the Defendants to remove all negative reporting from before the agreement.

Mr. Conway alleges he received a credit report from Equifax on December 20, 2016 and from Trans Union on December 19, 2017. He alleges both credit reports reported inaccuracies from 2013-2016, but he admits failing to pay his mortgage beginning in 2013 resulting in a judgment against him until 2016. The alleged language of the agreement together with the rest of his amended complaint fails to state a claim plausible on its face. The plead factual content fails to allow us to "draw the reasonable inferences that [Defendants are] liable for the misconduct alleged.[50]

Mr. Conway has not alleged facts asserting the Defendants reported incorrect information before entering this agreement, during the mortgage foreclosure action, or after entering this

9

agreement. We dismiss his FCRA claims for failing to state a claim subject to one last leave to amend should he be able to plead a FCRA claim consistent with this Memorandum.[51]

### D. We dismiss the remaining supplemental claims.

Mr. Conway also pleads abuse of process, violation of the Dragonetti Act, and breach of contract. These may be state law claims. Without the federal claims we have no jurisdiction over these state law claims under 28 U.S.C § 1367.[52] We dismiss the state law claims without prejudice.

## III. Conclusion

In the accompanying Order, we grant Defendants' motion to dismiss without prejudice to allow Mr. Conway one last chance to allege timely plausible claims consistent with his good faith obligations under Federal Rule of Civil Procedure 11.

---

[1] ECF Doc. No. 15 at ¶ 4-5.

[2] *Id* at ¶ 9.

[3] *Id.*

[4] *Id.*

[5] *Id.* at ¶ 10.

[6] *Id.* at ¶ 12.

[7] *Id.* at ¶ 27.

[8] *Id.* at ¶ 14.

[9] *Id.* at ¶ 32.

[10] *Id.* at ¶ 34.

[11] *Id.* at ¶ 103.

[12] *Id.* at ¶ 40.

[13] *Id.* at ¶ 56.

[14] *Id.* at ¶¶ 67, 69, 72.

[15] *Id.* at ¶¶ 70, 75.

[16] ECF Doc. No. 1.

[17] ECF Doc. No. 10.

[18] ECF Doc. No. 15.

[19] ECF Doc. No. 16.

[20] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[21] *Iqbal*, 556 U.S. at 678; Fed.R.Civ.P. 8.

[22] *Tatis*, 882 F.3d at 427 (quoting *Douglas v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

[23] 15 U.S.C.A. § 1692a(6). The definition of a debt collector also includes "a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*

[24] *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (quoting *Pollice v. Nat'l Tax Funding, L.P*, 224 F.3d 379, 403 (3d Cir. 2000)). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such a term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. § 1692a(4)

[25] ECF Doc. No. 15 at ¶ 8-9.

[26] *Tepper*, 898 F.3d at 367 (quoting *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721 (2017)) (internal quotations omitted).

[27] *Id.* (quoting *Henson*, 137 S.Ct. 1718, 1721-22).

[28] ECF Doc. No. 15 at ¶ 10.

[29] *Saafir v. Bayview Loan Servicing, LLC*, No. 18-1645, 2018 WL 5013757 (3d Cir. Sept. 6, 2018) (quoting *Marx v. Gen Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013)).

[30] *Dixon v. Stern & Eisenberg, PC.*, 652 Fed.Appx. 128, 131 (3d Cir. 2016) (quoting *Jenson v. Pressler & Pressler*, 791 F.3d 413, 419-20 (3d Cir 2015)).

[31] *Id.*

[32] *Id.*

[33] *Id.* (quoting *Lesher v. Law Offices of Michael N Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011)).

[34] *Dixon*, 652 Fed.Appx. at 131.

[35] ECF Doc. No. 15 at ¶ 42.

[36] *Brown v. Card Service Center*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting *Wilson v. Quadramed, Corp.*, 225 F.3d 350, 354 (3d Cir. 2008) (internal quotation omitted)).

[37] 15 U.S.C. § 1692k(d).

[38] *Schaffhauser v. Citibank (S.D.) NA.*, 340 F.App'x 128, 130-31 (3d Cir. 2009) (footnote omitted) (citations omitted); *Doughty*, 2018 WL 1784159, at* 3 (citing *Schaffhauser*, 340 F. App'x at 131).

[39] *Jones v. ABN Armo Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010) (citing 12 U.S.C. § 2605).

[40] 12 U.S.C. § 2605.

[41] 12 U.S.C. § 2605(e)(1)(A).

[42] *Id.*

[43] *Benner v. Bank of America, N.A.*, 119 F.Supp.2d 338, 363 (E.D.Pa. 2013) (citing 12 U.S.C. § 2605(e)(1)).

[44] ECF Doc. No. 15 at ¶ 56.

⁴⁵ *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545 (2016) (quoting 15 U.S.C. § 1681(a)(1)).

⁴⁶ *Simmsparris v. Countrywide Financial Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (quoting 15 U.S.C. § 1681s-2(b)(1)).

⁴⁷ *Id.*, at 359.

⁴⁸ 15 U.S.C § 1681s-2(1)(A); 15 U.S.C § 1681s-2(1)(B).

⁴⁹ ECF Doc. No. 15 at ¶ 66.

⁵⁰ *Iqbal*, 566 U.S. at 678.

⁵¹ Assuming Mr. Conway could state a FCRA claim, the Defendants also argue Mr. Conway's claim under the Fair Credit Reporting Act is barred by its statute of limitations. The FCRA provides for either a two or five-year statute of limitations: "[a]n action to enforce any liability created under the [Fair Credit Reporting Act] may be brought … no later that the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Mr. Conway alleges he received his credit report from Equifax on December 20, 2016, putting him on notice of the negative report. The statute of limitations from this time expires on December 20, 2018. The action giving rise to his FCRA Claim is the alleged failure to correct negative reporting from 2013 to 2016. The statute of limitations from this time expires in October 2021. Mr. Conway filed his complaint before either of these dates. If he can state a FCRA claim consistent with the facts and Fed.R.Civ.P. 11, these claims should not be time-barred.

⁵² 28 U.S.C § 1367.